DREW, Justice.
The petition for certiorari in this case controverts an order of the Industrial Commission affirming an award of compensation for temporary total disability and medical care.
Petitioner contends that F.S. Sec. 440.25(1), F.S.A.,[1] providing for filing of claims seven days after injury, should be *736 applied to void the claim filed by respondent four days after injury. The order affirmed in the present case holds on this point:
“ * * * In addition to the monetary compensation benefits, Section 440.12(1) of the Act requires the employer and/or carrier to provide the employee with medical care and attention in accordance with the provisions of Section 440.-13(1) of the Act. When one views the provisions of Section 440.25(1) of the Act in light of the provisions of Section 440.12(1) of the Act, it would appear that one of the' functions of the 7 day waiting period contained in Section 440.25(1) of the Act is to give to the employer an opportunity to voluntarily provide the injured employee with medical care and attention and to voluntarily pay to the injured employee temporary total disability compensation benefits, thereby making it unnecessary for the injured employee to file a Claim for compensation benefits and medical, care. However, when an employer does, within the 7 day waiting period contained in Section 440.25(1) of the Act, advise the injured employee that it does not have workmen’s compensation insurance coverage and that the employee will have to pay all of the medical expenses incurred by him as a result of a compensable injury, the employer does, in effect, decline to voluntarily accept the claim of the injured employee, thereby entitling the injured employee to immediately file with the Florida Industrial Commission a written claim for compensation benefits.
“Section 440.25 of the Act is entitled ‘Procedure in Respect to Claims’ and I find that Section 440.25(1) of the Act is procedural and not jurisdictional. * * * even if the Employee has been guilty of a procedural error in filing his Claim for compensation benefits during the 7 day waiting period contained in Section 440.25(1) of the Act, the Employer and/or Carrier has not been adversely affected and/or prejudiced by the said procedural error; and that, therefore, the Florida Industrial Commission has jurisdiction of the parties hereto and of the subject matter hereof. * * * »
This construction of the statute is in our opinion correct. We find also that the order adequately resolves the material issues of fact and was therefore properly affirmed.
The writ is accordingly discharged.
CALDWELL, C. J., and THOMAS, ROBERTS, and THORNAL, JJ., concur.

. “(1) Subject to the provisions of § 440.-19, claim for compensation may be filed with the Florida Industrial Commission at its office in the City of Tallahassee in accordance with regulations prescribed by the commission at any time after the first seven days of disability following any injury or at any time after the death, and the commission shall have full power and authority to hear and determine all questions in respect to such claims.”